IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv600

| | |
|---|---|
| X-WIRE TECHNOLOGIES, INC., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| PHILADELPHIA INDEMNITY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss for Failure to Prosecute. Review of the docket reveals the following:

(1) this matter was transferred into this district on November 22, 2010, from the United States Court for the Central District of California (#15);

(2) on November 22, 2010, the Clerk of this court sent a Notice to counsel for plaintiff James E. Doroshow, Jeffrey S. Kravitz, Allison L. Kashon and Bruce T. Smyth, advising counsel that pursuant to Local Rule 83.1, they were required to register for ECF and file a motion *pro hac vice by* December 2, 2010 (Notice of 11/22/2010);

(3) on January 4, 2011, the Clerk of this court sent a second notice to plaintiff's counsel setting a new deadline of January 14, 2011, a deadline which was also not met (Notice of 1/4/2011);

(4) on February 3, 2011, Honorable Richard L. Voorhees, United States District Judge, entered an Order requiring counsel to register for ECF and file a motion *pro hac vice* not later than March 3, 2011 (Order, #17). In his Order, Judge Voorhees specifically advised plaintiff that "[f]ailure to so register may result in the dismissal of this case and/or counsel for Plaintiff being held in contempt" id.; and

(5) on March 17, 2011, counsel for defendant filed the instant Motion to Dismiss for

Lack of Prosecution (#18), which was not responded to by the response deadline of April 4, 2011.

Review of the pleadings reveals that plaintiff has failed to communicate with court in any manner and the court can only conclude that plaintiff has abandoned this litigation.

Defendant seeks dismissal under Rule 41(b), Federal Rule of Civil Procedure, for failure to prosecute, and such rule provides for involuntarily dismissal of an action"[f]or failure of the plaintiff . . . to comply with rules or any order of court." Id. The Court of Appeals for the Fourth Circuit has repeatedly noted that such involuntary dismissal with prejudice is a "harsh" result and must be employed with caution:

> We have noted that involuntary dismissal under Rule 41(b) "is such a harsh sanction ... [that] it should be resorted to only in extreme cases." *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir.1976) (quotation marks omitted). We thus require a district court to consider four factors when deciding whether to involuntarily dismiss an action for attorney misconduct. *Id.* First, the court must consider the "degree of personal responsibility on the part of the plaintiff." *Id.* Second, it must determine the "amount of prejudice to the defendant." *Id.* Third, it must look to the record to see if it indicates "a drawn out history of deliberately proceeding in a dilatory fashion." *Id.* Finally, the court must consider whether "sanctions less drastic than dismissal" will be effective. *Id.*

Richardson v. Boddie-Noell Enterprises, Inc., 2003 WL 22429534, at 4 (4th Cir. 2003).[1] Further, the appellate court has instructed that the "test for dismissal pursuant to Rule 41(b) is similar to that for Rule 37," and that "before a dismissal a court must give a plaintiff a "clear and explicit" warning of the consequences of failing to satisfy the court's conditions and orders," and that "dismissal as a sanction is an extreme remedy to be used only when a party has displayed callous disregard to its obligations or exhibited very bad faith." Berry v. South Carolina Dept. of Social Services, 1997 WL 499950, at 6 (4th Cir. 1997).[2]

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

[2] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

In this case, a judge of this court has given plaintiff and explicit warning as set forth above after repeated efforts by the Clerk of this court to gain compliance. In addition, defendant has provided plaintiff with yet another opportunity to advance the litigation by moving to dismiss. Having considered the entirety of the record, the court concludes that plaintiff and its counsel have displayed a "callous disregard to its obligations" as plaintiff has failed to respond to two notices of the Clerk of this Court, an Order of a district judge, and a dispositive motion filed by defendant. Inasmuch as a corporate plaintiff cannot proceed in this court without counsel, it appears that the failure of counsel to respond is inextricably intertwined with plaintiff. Defendant has clearly been prejudiced as this action has been pending against it for months in this district without plaintiff participating in any manner. Further, the record indicates that plaintiff has deliberately ignored the most fundamental directions and requirements of this court. Finally, the court knows of no other sanction less severe than dismissal that would be effective in light of the numerous opportunities already afforded plaintiff.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss for Failure to Prosecute (#18) is **GRANTED,** and in accordance with Rule 41(b) this action is **INVOLUNTARILY DISMISSED**.

Signed: May 25, 2011

Max O. Cogburn Jr.
United States District Judge